# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. |
| ) | |
| ERIC SPAULDING ) | |

## AGREEMENT TO PLEAD GUILTY
### (WITH STIPULATIONS, APPEAL WAIVER, CARES ACT WAIVER, AND VERSION OF THE OFFENSE)

The United States of America, by and through Halsey B. Frank, United States Attorney for the District of Maine, and Raphaelle A. Silver, Assistant United States Attorney, and Eric Spaulding (hereinafter "Defendant"), acting for himself and through his counsel, Matthew Morgan, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. <u>Guilty Plea</u>. Defendant agrees to plead guilty to the Information herein pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.), at the earliest opportunity requested by the United States and provided by the Court. The Information charges Defendant with Maintaining a Drug Involved Premises. In addition to pleading guilty, Defendant agrees not to contest the version of the offense set forth in this Agreement, to otherwise comply with all the terms of this Agreement, and to be sentenced on the charge to which he has agreed to plead guilty. Further, given the lapse of time since the date of his commission of the offense to which he is pleading guilty, and the resulting impact of the Coronavirus Disease 2019 (COVID-19) pandemic on the United States' ability to prepare the case for trial, Defendant agrees that the United States would be substantially prejudiced by the withdrawal of his guilty plea.

2. <u>CARES Act Waiver</u>. Defendant agrees that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC"), so long as such appearances are authorized by the General Orders of this Court, rule, or statute. Defendant understands that, under the Constitution, the United States Code, and the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely. Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

    a. Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC;

    b. Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC; and

    c. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of his conditions of release by VTC.

3. <u>Sentencing/Penalties.</u> Defendant agrees to be sentenced on the charge described above. Defendant understands that the penalties that are applicable to the charge described above are as follows:

    A. A maximum prison term of up to 20 years imprisonment;

    B. A maximum fine of $500,000;

C. A mandatory special assessment of $100.00 for each count of conviction which Defendant agrees to pay at or before the time that he enters a guilty plea; and

D. A term of supervised release of not more than 3 years. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to 2 additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

In addition to the other penalties provided by law, the Court may also order Defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

4. <u>Version of the Offense</u>. Defendant admits that he is, in fact, guilty of the offense described in paragraph 1, above, to which he is agreeing to plead guilty. Defendant and the United States agree to the statement of facts provided below and agree that this statement of facts is sufficient to provide a factual basis for his plea of guilty to the charge described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on about February 1, 2019, and continuing until March 7, 2019, in the District of Maine, the defendant, while managing and controlling a residence in Waterville, Maine, as an owner, mortgagee or occupant, knowingly and intentionally made available for use, with or without compensation, said residence for the purpose of unlawfully manufacturing, storing, distributing, or using controlled substances.

In this regard, the defendant allowed out-of-state drug traffickers to reside at his home, enabling them to manufacture and distribute controlled substances. In exchange for allowing out-of-state drug traffickers to reside at his home, the defendant received approximately one gram of cocaine or cocaine base a day.

On March 7, 2019, officers with the Waterville Police Department executed a search warrant on the defendant's residence. Officers located two out-of-state drug traffickers in bedrooms located on the second floor of the residence. In one of the bedrooms, officers located large amounts of cocaine base, cocaine, and fentanyl. The defendant was located in a downstairs bedroom.

Had this case proceeded to trial, the Government would have offered the testimony of the law enforcement officers involved in the investigation, items of physical evidence, including the controlled substances seized during the execution of the search warrant on the defendant's residence, as well as the testimony of a certified chemist. Finally, the Government would introduce admissions the defendant made during his interview with law enforcement officers on March 7, 2019.

5. <u>Agreements Regarding Sentencing</u>. The parties agree to make the following non-binding recommendations as to sentencing:

    a. The parties agree to recommend that the Court find that the Defendant has accepted responsibility for the offense of conviction, and that the Court should reduce the Defendant's Adjusted Offense Level by three levels under U.S.S.G. § 3E1.1. The Government reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing, the Defendant: (a) fails to admit a complete factual basis for the plea; (b) fails to truthfully admit his conduct in the offense of conviction; (c) engages in conduct which results in an adjustment under U.S.S.G. § 3C 1.1; (d) falsely denies or frivolously contests relevant conduct for which the Defendant is accountable under U.S.S.G. § 1B1.3 or previous convictions that the defendant has sustained; or (e) engages in new criminal conduct. Defendant understands that he may not withdraw the guilty plea if, for any of the reasons listed above, the Government does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

    b. In addition, because the justice system is facing an unprecedented crisis as a result of the COVID-19 pandemic, the parties also agree that the

government will recommend a three-level variance pursuant to 18 U.S.C. § 3553(a) and as recognition of Defendant's extraordinary acceptance of responsibility and his lessening the burden on the court system by: (a) committing to plead guilty in advance of the normalization of court operations and actually pleading guilty and being sentenced on the charge to which he has agreed to plead guilty; (b) proceeding by VTC (unless the Court *sua sponte* orders otherwise) with subsequent proceedings as discussed in paragraph 2, above, (c) agreeing to the version of the offense set forth in this Agreement; (d) agreeing to be bound by all the terms of this Agreement, specifically including those relating to breach and remedy; and (e) waiving appellate rights as referenced below.

The parties expressly agree and understand that should the Court reject any of the recommendations of the parties, Defendant will not thereby be permitted to withdraw his plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

6. <u>Appeal Waivers</u>. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

    A.    Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

    B.    A sentence of imprisonment that does not exceed 37 months.

Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

7. <u>New Criminal Conduct</u>. Defendant agrees that he will not commit any other federal or state crime.

8. <u>Breach and Consequences of Breach</u>. If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder, including its obligations to make any sentencing recommendations under Paragraph 5, and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

    A.    The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions, the version of the offense set forth in Paragraph 4, and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

    B.    Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

9. <u>Speedy Trial Waiver</u>. Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 8 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such

a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

10. <u>Validity of Other Agreements; Signature</u>. This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. However, in the event that Defendant fails to enter guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 3\20\2021

Eric Spaulding, Defendant

I am legal counsel for Eric Spaulding. I have carefully reviewed every part of this Agreement with Eric Spaulding. To my knowledge, Eric Spaulding's decision to enter into this Agreement is an informed and voluntary one.

Date: 3/29/21

Matthew Morgan, Esquire
Attorney for Defendant

FOR THE UNITED STATES:       Halsey B. Frank
                             United States Attorney

Date: April 7, 2021

Raphaelle A. Silver
Assistant U.S. Attorney

Approved: _____
Supervisory Assistant U.S. Attorney

Revised December 10, 2020